## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-0126 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| LAUREL HARRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**[1]

Plaintiff Gregory Lee ("Lee"), a pro se prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), brings this civil rights action against Defendants Laurel Harry, George Little, Todd Bickle, Tammy Ferguson, Michael Zaken, Stephen Buzas, and Daniel Coulehan (collectively "Defendants"). Lee's claims stem from the conditions of his confinement and continued placement on the Restricted Release List ("RRL"). Pending before the Court is Defendants' Partial Motion to Dismiss (ECF No. 27). For the following reasons, the motion will be granted.

### I.   Relevant Procedural History

Lee commenced this action in January 2024 while incarcerated at SCI Greene.[2] The Court granted him leave to proceed *in forma pauperis* (ECF No. 4) and his Complaint was docketed on February 8, 2024 (ECF No. 6). On July 29, 2024, Defendants moved for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 13.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct these proceedings. The undersigned therefore has the authority to decide dispositive motions and enter final judgment.

[2] Lee is currently housed at SCI Camp Hill.

About a month later, Lee indicated that he still had not received a copy of Defendants' motion and supporting brief. (ECF No. 20.) The Court granted him an extension of time to respond (ECF No. 21), and he amended his complaint on September 11, 2024 (ECF No. 22).[3]

Defendants have now moved to partially dismiss the Amended Complaint. (ECF No. 24.) The motion has been fully briefed (ECF Nos. 28, 35, 36) and is ripe for consideration.

## II.  **Relevant Factual Allegations**

According to the Amended Complaint, Lee has been in DOC custody since 2002. On November 24, 2018, he was "involved in a staff assault" at SCI Coal Township and was put solitary confinement. (ECF No. 22 ¶ 15.)

Lee was then transferred to SCI Smithfield where he appeared before the Program Review Committee ("PRC"). The PRC decided to keep him in solitary confinement. (*Id.* ¶¶ 16-17.)

On August 28, 2019, Lee was transferred to SCI Forest and met with the PRC shortly after. The PRC determined that he would remain in solitary confinement and placed him in the Special Management Unit ("SMU"). (*Id.* ¶¶ 18-19.) According to Lee, the SMU is "a long-term program. It consists of 5 Phases, with Phase 1 being on probation in General Population" ("GP"). (*Id.* ¶ 20.)

When Lee was in Phase 3 of the SMU, "with 6 months left to get back to GP[,]" he was transferred to SCI Greene. (*Id.* ¶ 22.) He met with the PRC at SCI Greene, which included Defendants Buzas and Coulehan. The PRC told Lee that the SMU program had been terminated and he would instead be put in the Intensive Management Unit ("IMU").[4] (*Id.* ¶¶ 23-24.) He was

---

[3]  Since the Amended Complaint was postmarked September 6, 2024, eleven days after the Court extended Lee's response deadline, the amendment was timely under FRCP 15(a). (ECF No. 23.)

[4]  Lee asserts that the IMU was not governed by any policy until the DOC adopted "a handbook" on May 4, 2022. Because he was moved to the IMU before the handbook was implemented, Lee alleges that he was "illegally housed in the IMU." *See* ECF No. 22 ¶¶ 26-27.

also told that then-DOC Secretary Little had signed off on his placement on the RRL. (*Id.* ¶ 25.)

Lee asserts that as of September 2024, he had been in solitary confinement for over six years. The Amended Complaint further details various restrictions imposed on Lee during that time, alleging that the conditions of his confinement are "significantly harsher than those imposed on GP prisoners."[5] (*Id.* ¶ 51.)

## III.    <u>Legal Standard</u>

A complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To decide a 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[5]  Among other things, Lee alleges that he: is confined to his cell for 23-24 hours per day and that it is always illuminated; eats all meals alone in his cell; is allowed up to 5 hours of yard time per week, weather permitting; cannot participate in any organizational, vocational, or congregational activities; is permitted 3 showers per week; undergoes strip searches and is handcuffed any time he leaves his cell; is denied all contact visits with loved ones and clergy; and has no meaningful human interaction. *See* ECF No. 22 ¶¶ 28-50.

cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In assessing the sufficiency of a complaint, a court must therefore: (1) outline the elements plaintiff must plead to state a claim for relief; (2) peel away allegations that amount to mere conclusions and are thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, the filings of a pro se party must be liberally construed and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). Moreover, the court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

## IV. Discussion

Lee's claims are brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

4

*West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not itself create any substantive rights; it simply provides a cause of action that allows the plaintiff to vindicate rights that have already been secured. *See, e.g.*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere"). Lee asserts claims under the Eighth and Fourteenth Amendments.

### A. Fourteenth Amendment – substantive due process claim

Lee alleges in Count III that Harry, Little, Bickell, Ferguson, Zaken, and Buzas violated his substantive due process rights "by continuing to hold him in solitary confinement for 6 years without valid penological justification." (ECF No. 22 at 11.) Defendants argue that this claim should be dismissed under the "more-specific provision" rule. (ECF No. 28 at 5.)

The Fourteenth Amendment prohibits a state actor from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The substantitive component of the Due Process Clause "limits what government may do regardless of the fairness of the procedures that it employs." *Boyanowski v. Cap. Area Interm. Unit*, 215 F.3d 396, 399 (3d Cir. 2000).

The Supreme Court has made clear, however, that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotations omitted). *See also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth

Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447-48 (3d Cir. 2020).

Lee is a convicted state prisoner asserting a Fourteenth Amendment substantive due process claim based on his prolonged solitary confinement. This claim is therefore barred by the more-specific provision rule, as it challenges the same conduct as his Eighth Amendment claim at Count I. Accordingly, because Lee's substantive due process claim is essentially the same as his Eighth Amendment conditions of confinement claim, Count III will be dismissed with prejudice against all Defendants.

### B. Personal Involvement

Defendants also argue for the dismissal of all claims against Defendants Zaken, Buzas, and Coulehan based on lack of personal involvement. All three Defendants are named in the Eighth Amendment claim in Count I and Defendants Zaken and Buzas are named in the Fourteenth Amendment procedural due process claim in Count II. The Amended Complaint acknowledges that only the DOC Secretary and Executive Deputy Secretary for Institutional Operations have decision-making authority with respect to inmate RRL status. Thus, Defendants argue that Lee's allegations against Zaken, Buzas, and Coulehan are not enough to establish their personal involvement, as they were not decision-makers and had no ability to remove him from the RRL. *See* ECF No. 28 at 3-4.

Beyond meeting the minimum pleading standards required to plausibly state a claim, a § 1983 plaintiff also bears the burden of showing that each named defendant was personally involved in the alleged constitutional violation. *See Saisi v. Murray*, 822 Fed. Appx. 47, 48 (3d Cir. 2020).

The doctrine of respondeat superior alone cannot be the basis for liability in a § 1983 action. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

To overcome a motion to dismiss, a § 1983 plaintiff must allege facts demonstrating that each defendant personally directed, or with actual knowledge, acquiesced in the alleged misconduct. *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207). Constructive knowledge is not enough. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) ("Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive."). Allegations must be made with appropriate particularity and sufficiently describe the defendant's participation in or actual knowledge of and acquiescence in the alleged misconduct. *Id.* (citing *Rode*, 845 F.2d at 1207); *see also Mack v. Clark*, 2022 WL 2669510, at *5 (W.D. Pa. Jul. 11, 2022) ("Allegations that broadly implicate multiple defendants without delineating individual conduct are legally insufficient.").

The Amended Complaint states that Zaken was the Superintendent of SCI Greene, Buzas was a Deputy Superintendent of SCI Greene, and Coulehan was Unit Manager of the IMU/RRL program at SCI Greene. *See* ECF No. 22 ¶¶ 11-13. Lee then uses identical language to describe the specific roles of these three Defendants in "continuing [his] solitary confinement and violating the Eighth Amendment prohibition against cruel and unusual punishment": "He made recommendations as to whether Lee should be released to GP or remain in solitary confinement."

(*Id.* ¶¶ 92, 95, 98); "[Defendant] is aware of the risks and harms associated with long term solitary confinement." (*Id.* ¶¶ 93, 96, 99.); and "[Defendant] never recommended Lee be released to GP." (*Id.* ¶¶ 94, 97, 100). Lee also alleges that Buzas and Coulehan were on the PRC that told him the DOC Secretary had approved his RRL status and that he would be put in the IMU. (*Id.* ¶¶ 23-25.)

Lee's use of identical and somewhat vague allegations against Zaken, Buzas, and Coulehan lacks the requisite particularity. Aside from alleging that Buzas and Coulehan participated in one of his PRC reviews, he does not identify any conduct or interactions showing that these defendants played a role in his initial placement in solitary confinement or his ongoing confinement under the allegedly unconstitutional conditions. *See Mack*, 2022 WL 2669510, at *11 ("His pleading should explain to the Court what happened by specifically describing how each Defendant's acts or omissions caused the allege violations."). The Amended Complaint has therefore failed to plausibly state claims against Zaken, Buzas, and Coulehan for violation of the Eighth Amendment in Count I and against Zaken and Buzas for violation the Fourteenth Amendment in Count II. As a result, the claims against them will be dismissed.

Typically, when dismissing a claim for failure to state a claim, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Because the Court cannot conclude that amendment would be futile, the dismissal will be without prejudice. Lee is granted leave to amend his claims against Zaken, Buzas, and Coulehan in Count I and against Zaken and Buzas in Count II.

**V.**    **<u>Conclusion</u>**

For these reasons, Defendants' Partial Motion to Dismiss (ECF No. 27) will be granted.

An appropriate order will follow.

Dated: June 3, 2025                                      <u>/s/ Patricia L. Dodge</u>
                                                                    PATRICIA L. DODGE
                                                                    UNITED STATES MAGISTRATE JUDGE